UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA TURNER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-01525-AGF |
| | ) | |
| BOEHRINGER INGELHEIM | ) | |
| PHARMACEUTICALS, INC.; | ) | |
| BOEHRINGER INGELHEIM | ) | |
| INTERNATIONAL GMBH; | ) | |
| BOEHRINGER INGELHEIM ROXANE, | ) | |
| INC.; BOEHRINGER INGELHEIM | ) | |
| PHARMA GMBH & CO. KG; and | ) | |
| BIDACHEM S.P.A., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motions to dismiss the claims of 55 of the 58 Plaintiffs for lack of personal jurisdiction, and Plaintiffs' motion to remand the action to state court. For the reasons set forth below, Defendants' motions will be granted and Plaintiffs' motion denied.

## BACKGROUND

Three Plaintiffs who reside in Missouri ("Missouri Plaintiffs") joined 55 Plaintiffs from other states and from Canada ("Non-Missouri Plaintiffs") to sue Defendants Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), Boehringer Ingelheim International GmbH ("BII"), Boehringer Ingelheim Roxane, Inc. ("BIR"),[1]Boehringer Ingelheim

---

[1] BIR is now known as West-Ward Columbus Inc., but for convenience, the Court

Pharma GmbH & Co. KG ("BIPG"), and Bidachem S.P.A. ("Bidachem") in Missouri state court.  Plaintiffs assert state-law tort claims, alleging that Defendants' anti-blood-clotting drug, Pradaxa, caused each Plaintiff to suffer severe injuries and/or death.

Two of the Non-Missouri Plaintiffs are Ohio citizens, and therefore share citizenship with BIR, which is a Delaware corporation with its principal place of business in Ohio.  As to the citizenship of the remaining Defendants, BIPI is a Delaware corporation with its principal place of business in Connecticut; BII and BIPG are German corporations with their principal places of business in Germany; and Bidachem is an Italian corporation with its principal place of business in Italy.

Plaintiffs allege that their claims "arise out of the same transaction, occurrence, or series of transactions," namely, Defendants' design, manufacture, marketing, advertising, distribution, promotion, labeling, testing, and selling of Pradaxa.  The Non-Missouri Plaintiffs do not allege that they were prescribed Pradaxa in Missouri, ingested Pradaxa in Missouri, or were injured in Missouri.  However, Plaintiffs allege that "Defendants regularly conduct or solicit business in the State of Missouri" and "derive substantial revenue from goods used or consumed in [ ] Missouri."  ECF No. 13 at 13.  Plaintiffs seek compensatory damages for medical expenses, pain and suffering, and emotional distress, as well as punitive damages.

On May 17, 2017, Defendants timely removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a).  Defendants maintained that there was

---

will continue to refer to the company as BIR.

complete diversity among all "properly joined" parties and that the amount in controversy exceeded $75,000. Defendants acknowledged that two Plaintiffs shared Ohio citizenship with one of the Defendants, but Defendants asked that the Court either (1) decide the issue of personal jurisdiction first, as permitted by the United States Supreme Court in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999), and dismiss the claims of all Non-Missouri Plaintiffs for lack of personal jurisdiction, or (2) deem the claims of all Non-Missouri Plaintiffs fraudulently joined. Defendants argued that, in either event, the Court would be left with only the three Missouri Plaintiffs, thus satisfying the diversity of citizenship requirement. On the same day that they removed the case to this Court, Defendants also moved to dismiss the claims of the Non-Missouri Plaintiffs for lack of personal jurisdiction.

Plaintiffs argue that the Court should consider subject-matter jurisdiction before personal jurisdiction, and Plaintiffs have moved, by separate motion, to remand the case to Missouri state court for lack of complete diversity. Plaintiffs do not dispute that Defendants have met the amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332, and the other requirements for removal under 28 U.S.C. §§ 1441 and 1446.

## **DISCUSSION**

Another judge of this Court recently addressed the arguments presented by the parties here in the context of a Pradaxa case involving the same jurisdictional issues, *Siegfried v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-1942-CDP, 2017 WL 2778107 (E.D. Mo. June 27, 2017). The Court in *Siegfried* concluded that, although

3

several judges in this district, including the undersigned, had previously deemed it more prudent to decide the issue of subject-matter jurisdiction first, in light of recent decisions of the United States and Missouri Supreme Courts, *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, No. 16-466, 2017 WL 2621322 (U.S. June 19, 2017), and *State ex rel. Norfolk Southern Railway Co. v. Dolan*, 512 S.W.3d 41(Mo. 2017), the issue of personal jurisdiction "is now the more straightforward inquiry." *Siegfried*, 2017 WL 2778107, at *3 (E.D. Mo. June 27, 2017). Therefore, the *Siegfried* Court held that ruling on personal jurisdiction before subject-matter jurisdiction would best serve the interests of judicial economy. *Id.* Other judges have followed suit. *See, e.g., Jordan v. Bayer Corp.*, No. 4:17-CV-865-CEJ, 2017 WL 3006993, at *2 (E.D. Mo. July 14, 2017). The undersigned agrees that the approach taken in *Siegfried*, now reflects the better coarse, and will decide the issue of personal jurisdiction first.

**Personal Jurisdiction**

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). The facts must be viewed in the light most favorable to the plaintiffs, but the plaintiffs bear the burden of proof of establishing personal jurisdiction. *Id.*

The Fourteenth Amendment limits the extent of personal jurisdiction and requires that a defendant have certain minimum contacts with the forum state, "such that maintenance of the suit does not offend traditional notions of fair play and substantial

justice." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). Personal jurisdiction can be general or specific. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014).

I. General Jurisdiction

General jurisdiction exists over a corporation when the forum state is its place of incorporation or the location of its principal place of business, or in "exceptional cases," when the corporation's activities in the forum of state are "so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 134 S. Ct. at 761 n.19. None of the Defendants is incorporated in Missouri or has its principal place of business in Missouri, and none has such extensive contacts with Missouri as to render it at home in the state. *See Siegfried*, 2017 WL 2778107, at *3; *Daimler*, 134 S. Ct. at 761. Therefore, Defendants are not subject to general jurisdiction in Missouri.

II. Specific Jurisdiction

"Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). As relevant here, Missouri's long-arm statute authorizes personal jurisdiction over corporate defendants who transact business or commit torts within the state. Mo. Rev. Stat. § 506.500.1. The statute is "construed broadly . . . to provide for jurisdiction, within the specific categories enumerated in the statute, to the full extent permitted by the Due Process Clause." *Viasystems*, 646 F.3d at 589 (citing *State ex rel. Metal Serv. Ctr. of Georgia, Inc. v.*

5

*Gaertner*, 677 S.W.2d 325, 327 (Mo. 1984)). To satisfy due process, there must be "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb*, 137 S. Ct. at 1780. In other words, "the suit must arise out of or relate to the defendant's contacts with the forum." *Id.* (emphasis removed).

In *Bristol-Myers Squibb*, non-California plaintiffs joined California plaintiffs in a California court action, asserting state-law personal injury claims caused by the drug Plavix. The defendants sold Plavix in California and conducted some business in the state but were not incorporated or at home in California. And the non-California plaintiffs had not alleged that they were prescribed the drug in California, purchased or ingested the drug in California, or were injured in California. *Id.* at 1781. The Supreme Court held that the California court's exercise of personal jurisdiction over the defendants with respect to the non-California plaintiffs' claims violated due process. *Id.* at 1782; *see also State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 47 (Mo. 2017) (holding that there was neither general nor specific personal jurisdiction in Missouri over a Virginia corporation sued by an Indiana plaintiff where the injuries occurred in Indiana and arose out of the corporation's activities in Indiana, notwithstanding that the corporation conducted the same types of activities in Missouri).

Here, too, both this Court and the Missouri state court from which this case was removed lack personal jurisdiction over Defendants with respect to the claims of the Non-Missouri Plaintiffs, who have not alleged that they were prescribed, purchased, ingested, or were injured by Pradaxa in Missouri. *See Siegfried*, 2017 WL 2778107, at *5

(holding the same). Therefore, the Court will grant Defendants' motion to dismiss the claims of the Non-Missouri Plaintiffs, leaving complete diversity between the remaining parties. As a review of the pleadings demonstrates that the amount in controversy and other requirements of subject-matter jurisdiction have been met with respect to the remaining claims, the Court will deny Plaintiffs' motion to remand.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss Non-Missouri Plaintiffs for Lack of Personal Jurisdiction are **GRANTED**. ECF Nos. 6 & 8. The claims of all Plaintiffs other than Victoria Turner, individually and as representative for K.C. Wicks, Jr., and Clark Jenkins, are **DISMISSED without prejudice** for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand is **DENIED**. ECF No. 18.

This case will be set for a Rule 16 Scheduling Conference by separate order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3d day of August, 2017.